Stebbins
*v.*
Lathrop.

45

---

## The Inhabitants of WARE *versus* The Inhabitants of WILBRAHAM.

Under *St.* 1821, *c.* 94, § 3, enacting that a town, in which a pauper has a settlement,
shall not be subjected to a greater expense than at the rate of one dollar per week,
for the support of the pauper in another town, provided such first mentioned town
shall cause the pauper to be removed within thirty days after receiving legal notice
that such support has been furnished, the removal is a condition precedent, which
must be strictly performed: so that where a pauper, while her town was making
preparations for her removal, removed of her own accord, it was *held,* that the town
was liable for the reasonable expenses incurred for her support, although they were
greater than at the rate of one dollar per week.

ASSUMPSIT for expenses incurred in the support of Lavina
Chapin, a pauper, whose settlement was in Wilbraham.    The
defendants pleaded a tender of the sum of eight dollars, and
*non assumpsit* as to the residue of the plaintiffs' demand.

At the trial before the Court of Common Pleas, it ap-
peared, that the pauper became sick and in need of relief,

---

in the town of Ware, on the 29th of August, 1825, and that that town expended the sum of 35 dollars for her support, that the overseers of the poor of Wilbraham had legal notice from those of Ware, by a letter dated the 13th of September, which was received on the 26th; that the pauper, within thirty days from the date of the letter, so far recovered, as to cease to be chargeable to the town of Ware, and went to Belchertown without any aid from Wilbraham or Ware; that on the 29th of December following, the overseers of Wilbraham tendered to the overseers of Ware the sum of eight dollars, which they refused to accept.

The defendants further offered to prove, that within thirty days next after the notice was received, the overseers of Wilbraham took measures to ascertain whether the pauper had her settlement in that town, and if so, to remove her from Ware within thirty days after the notice, in order to bring themselves within *St.* 1821, *c.* 94, § 3, [see Revised Stat. *c.* 46, § 15,] and that they then found she had removed from, and had ceased to be chargeable to, the town of Ware.

The section referred to enacts, that if any person, standing in need of relief, shall be supported in any town, other than the one in which such person may have a legal settlement, this last mentioned town shall not be subjected to a greater expense than at the rate of one dollar per week during the continuance of such supplies, *provided* such last mentioned town shall cause such pauper to be removed within thirty days from the time of receiving legal notice that such support has been furnished.

The judge rejected the evidence as not material in the case, and instructed the jury to assess damages for the plaintiffs in the sum of 27 dollars: whereupon the defendants filed their exceptions.

*Bates* and *Dewey*, in support of the exceptions. By *St.* 1793, *c.* 59, § 9, [see Revised Stat. *c.* 46, § 13,] a town in which a pauper has a settlement is made liable to another town rendering relief to the pauper, for the expenses incurred within three months next before notice given of the pauper's being chargeable. This provision gave occasion to extrava-

gant charges, and the statute of 1821 was designed to correct the abuse, by fixing upon a sum which, on an average, would be an adequate compensation for such expenses. The true construction of this statute is, that where the defendant town is guilty of no negligence, the plaintiff town shall recover only at the rate of a dollar per week. Suppose that the pauper had died within ten days after the notice, and the defendants had immediately removed the dead body ; or suppose that the plaintiffs had prevented her removal ; — it could hardly be pretended, that the defendants would not be entitled to the benefit of the statute. This case is similar in principle, as here the defendants were prevented by the pauper herself from bringing themselves within the letter of the act. If the construction given in the court below shall be sustained, it will open a door to collusion ; for towns will then induce paupers to remove, on purpose to recover more than this statute prescribes.

*E. H. Mills* and *Ashmun, contrà.* The removal provided for is a condition precedent, which must be literally performed by the defendants. Co. Lit. 218 *a* ; Plowd. 481 ; *Worsley* v. *Wood*, 6 T. R. 710. This being a statute of strict, legal, positive provisions, it is not to be extended by construction. *Atcheson* v. *Everitt*, Cowp. 391. The object of it was, to effect a speedy ascertainment of the settlement of paupers. Had the defendants removed this pauper, by their admission, the question of her settlement would have been for ever at rest. To the suggestion respecting collusion, the answer is, that where one party, by colluding, prevents the other from performing a condition, the latter shall not suffer.

PARKER C. J. delivered the opinion of the Court. We think the verdict in this case stands right, it being for the amount of the reasonable expenses incurred by the plaintiffs for the support of a pauper belonging to the defendant town. Their right to this sum is derived from the general statute providing for the relief and support of paupers,[1] and cannot be taken away, except by some subsequent statute, the terms of which must be strictly complied with.

Ware
*v.*
Wilbraham.

47

*Sept.* 29th

---

[1] See Revised Stat. *c.* 46, § 13.

Ware
*v.*
Wilbraham.

The *St.* 1821, *c.* 94, [see Revised Stat. *c.* 46, § 15,] provides, that if the defendant town shall, within thirty days after notice, remove the pauper from the plaintiff town, it shall be charged only at the rate of one dollar per week. The defendants, instead of showing that they did remove, show only that they prepared to do the act, and that they were prevented by the voluntary removal of the pauper.

It is argued, that to all the purposes intended by the legis lature, this removal is equivalent to a removal caused by the defendants ; but we do not see it in this light : for we think that the great object of the provision was, to give an induce ment to towns to admit the settlement of paupers and thereby save the expense of litigation. This purpose is not answered by a voluntary removal.

Technical rules support this construction ; for the removal provided for is to be considered a condition precedent to the diminution of expense.[1] Now such a condition must be strictly performed ;[2] which has not been done in the presen case.

*Judgment affirmed.*

[1] See *Seekonk* v. *Attleborough,* 7 Pick. 155.
[2] See 1 Chit. Pl. (6th Amer. ed.) 351 to 360, and notes.